Rafael E. Alvarado Jr. (SBN 247904)
E-mail: ralvarado@fremont.gov
City Attorney
CITY OF FREMONT
3300 Capitol Ave., Bldg. A
Fremont, CA 94538
Tel: 510.284.4030

Nicholas J. Muscolino (SBN 273900)
E-mail:  nmuscolino@bwslaw.com
Kyle Anne Piasecki (SBN 311961)
E-mail:  kpiasecki@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel:  510.273.8780    Fax:  510.839.9104

Attorneys for Defendant
CITY OF FREMONT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and its members; FREMONT HOMELESS UNION, on behalf of itself and its members; MARIN COUNTY HOMELESS UNION; MISSION PEAK UNITARIAN UNIVERSALIST CONGREGATION; FAITH IN ACTION EAST BAY; PAX CHRISTIE (FREMONT); BRAIDED BRIDGE/HOMEBRIDGE CONNECT; Fremont Homeless community members KENT EATON; CORRINE GRIFFITH; MICHAEL AUSTIN, MAURICE KING, PRODESTA HOFF, LACY FRANKS, and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FREMONT,<br><br>Defendant. | Case No. 3:25-cv-02225-MMC<br><br>**DEFENDANT CITY OF FREMONT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO PROSECUTE [FRCP 41(b)]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice filed Concurrently herewith]<br><br>**Hearing**:<br>Date:         September 26, 2025<br>Time:        9:00 AM<br>Courtroom:   No. 7, 19th Floor<br><br>Action Filed: March 4, 2025 |

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on September 26, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7 – 19th Floor of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant City of Fremont ("City") will, and hereby does, move this Court for an order dismissing Plaintiffs' complaint, and each cause of action alleged therein, against the City, with prejudice, pursuant to Federal Rules of Civil Procedure 41(b), based on Plaintiffs' failure to prosecute the case.

This Motion is based upon this Notice, on the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, on the complete record in this action, and on such other and further matters as may be presented to the Court at the time of the hearing on this matter.

Dated: August 15, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Nicholas J. Muscolino
Kyle Anne Piasecki
Attorneys for Defendant
CITY OF FREMONT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4938-4188-3230 v2

2

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 5

II. STATEMENT OF FACTS ............................................................................................. 5

III. LEGAL STANDARD ..................................................................................................... 7

IV. ARGUMENT .................................................................................................................. 7

    A. The Public's Interest in the Expeditious Resolution of Litigation Favors Dismissal. ............................................................................................................. 7

    B. The Court's Need to Manage Its Docket Favors Dismissal ........................................ 8

    C. The Prejudice to the City Favors Dismissal. ............................................................... 9

    D. The Public Policy Favoring Disposition on the Merits Does Not Preclude Dismissal. ................................................................................................................ 10

    E. The Availability of Less Drastic Alternatives Favors Dismissal .............................. 10

    F. The Factors Favor Dismissal with Prejudice. ............................................................ 10

V. CONCLUSION ............................................................................................................ 11

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4938-4188-3230 v2

3

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anderson v. Air West, Inc.*,
    542 F.2d 522 (9th Cir. 1976) ............................................................................. 7, 9, 10

*City of Grants Pass, Oregon v. Johnson*,
    603 U.S. 520 (2024) ........................................................................................................ 5

*Computer Task Group, Inc. v. Brotby*,
    364 F.3d 1112 (9th Cir. 2004) ........................................................................................ 9

*In re Eisen*,
    31 F.3d 1447 (9th Cir. 1994) .......................................................................................... 9

*Ferdik v. Bonzelet*,
    963 F.2d 1258 (9th Cir. 1992) .................................................................................. 8, 10

*Morris v. Morgan Stanley & Co.*,
    942 F.2d 648 (9th Cir. 1991) ........................................................................................ 10

*Pagtalunan v. Gazala*,
    291 F.3d 639 (9th Cir. 2002) ................................................................................ 8, 9, 11

*Patnaik v. Hearst Corp.*,
    2015 WL 12513579 (C.D. Cal. 2015) .......................................................................... 11

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    460 F.3d 1217 (9th Cir. 2006) ................................................................................. 7, 10

*Yourish v. Cal. Amplifier*,
    191 F.3d 983 (9th Cir. 1999) .................................................................................. 7, 8, 9

**Rules**

FRCP 26(a)(2)(C) ................................................................................................................... 8

FRCP 26(f) ............................................................................................................................. 8

FRCP 41(b) ........................................................................................................... 5, 7, 10, 11

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4938-4188-3230 v2

4

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

By some counts, "a majority of cities have laws restricting camping in public spaces, and nearly forty percent have one or more laws prohibiting camping citywide." *City of Grants Pass, Oregon v. Johnson*, 603 U.S. 520, 532 (2024).  On February 11, 2025, the City joined the majority of cities in the United States when the City Council adopted an ordinance restricting camping and the storage of private property on public property.  The Ordinance became effective on March 13, 2025.

On March 4, 2025, Plaintiffs filed this lawsuit to challenge the legality of the Ordinance. Plaintiffs' facial challenge to the Ordinance focused largely on a provision that imposed criminal liability for "aiding and abetting" violations of the Ordinance, and the allegation that the ordinance violated the Constitution because it criminalized donations to homeless individuals.  *E.g.*, Dkt. 6 at ¶¶ 4, 41-42, 102, 115, 119-120, 144-45, 165, 167. On March 18, 2025, the City adopted an Urgency Ordinance that deleted the aiding and abetting language, and clarified that the Ordinance ***does not*** prohibit the donation of food, water, or other goods. Plaintiffs acknowledged that given the substantial changes to the Ordinance, they needed to file an amended complaint.

But Plaintiffs never did so.  Over ***five months*** have elapsed since this lawsuit was filed and since the Ordinance was amended.  Yet because of Plaintiffs' failure to file an amended complaint and repeated violation of this Court's orders, this case is still not at issue and the City does not know what, if any, legal theories Plaintiffs intend to advance to challenge the Ordinance.  The City cannot file a motion to dismiss without an operative amended complaint.  The lingering uncertainty over the status and nature of Plaintiffs' challenge to the Ordinance is prejudicial to the City and its residents.

Plaintiffs' failure to file an amended complaint violates FRCP 41(b)'s requirement that each case be prosecuted with "reasonable diligence."  The City therefore requests that the Court dismiss the Complaint in its entirety with prejudice.

### II.   STATEMENT OF FACTS

On February 11, 2025, the City adopted an ordinance adding Chapter 8.90 to the Fremont

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4938-4188-3230 v2

5

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

Municipal Code. Request for Judicial Notice ("RJN"), Exh. 1. The Ordinance's purpose "is to maintain streets, parks and other public and private areas within the city in a clean, sanitary and accessible condition and to adequately protect the health, safety and public welfare of the community." *Id.* Generally speaking, the Ordinance prohibits camping and the storage of personal property on public property and in waterways. In accordance with California law, the Ordinance became effective on March 13, 2025, thirty days after its second reading.

On March 4, 2025, Plaintiff filed a combined Complaint and Ex Parte Application for a Temporary Restraining Order. Dkt. 2. The Complaint alleged, among other things, that the Ordinance was unconstitutional because it allegedly prohibited religious people and institutions from donating items (e.g., food, water, and other goods) to homeless people and could make donors criminally liable for aiding and abetting violations of the Ordinance. *E.g.*, Dkt. 6 at ¶¶ 4, 41-42, 102, 115, 119-120, 144-45, 165, 167.

After being served with the complaint, the City immediately notified Plaintiffs and the Court that the City Council intended to consider an urgency ordinance to amend the Ordinance on March 18, 2025. Dkt. 6, 15. On March 18, 2025, the City Council adopted the Urgency Ordinance. RJN Exh. 2. The Urgency Ordinance deleted the original Ordinance's "aiding and abetting language" (former section 8.90.060(b)(1)) and added a new Section 8.90.030(c)(1) that provided: "Nothing in this section is intended to prohibit: (1) a person from donating food, water, or other goods to another person." The Urgency Ordinance became effective immediately. Dkt. 19.

After the Urgency Ordinance was adopted, the parties met and conferred and on March 31, 2025 filed a stipulation and proposed order proposing, among other things, that the Court (1) grant Plaintiff leave to file an amended complaint; and (2) that such amended complaint be filed on or before April 11, 2025. Dkt. 20, 21. The Court signed the proposed order, thereby fixing April 11, 2025 as the deadline for Plaintiffs to file the amended complaint and then-threatened motion for a preliminary injunction. Dkt. 21. The Court subsequently extended Plaintiffs' deadline to April 25, 2025 at the parties' request. Dkt. 26.

Plaintiffs, however, failed to file an amended complaint or a motion for preliminary injunction by the April 25, 2025 deadline. Accordingly, the City requested (1) that the May 30,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4938-4188-3230 v2

6

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

2025 hearing on Plaintiffs' unfiled motion for a preliminary injunction be vacated; and (2) a status conference. Dkts. 27, 29.

At the June 20, 2025 status conference, the Court ordered Plaintiffs to file an amended complaint by August 1, 2025. Dkt. 35. Plaintiffs failed to do so. As of this writing, over ***five months*** have elapsed since this Action was filed and since the Urgency Ordinance was adopted, yet Plaintiffs have still failed to file their long-promised amended complaint.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41, subdivision (b), provides: "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." This provision requires that federal cases be prosecuted with "reasonable diligence" or be subject to dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "[F]ailure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* "The law presumes injury from unreasonable delay." *Id.*

In ruling on such a request, the following factors are considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* Dismissal is appropriate where at least four of the factors favor, or three strongly favor, that result. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). Under these factors, the Complaint should be dismissed with prejudice for Plaintiffs' failure to prosecute.

### IV. ARGUMENT

#### A. The Public's Interest in the Expeditious Resolution of Litigation Favors Dismissal.

The first factor is the public's interest in the expeditious resolution of litigation. This factor weighs in favor of dismissal because Plaintiffs' repeated failure to comply with this Court's deadlines to file an amended complaint has caused this action to halt, thereby allowing Plaintiffs

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4938-4188-3230 v2

7

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

to control the pace of the docket instead of this Court. *Yourish*, 191 F.3d at 990 (affirming order dismissing lawsuit with prejudice where plaintiff failed to file amended complaint by court deadline).

Plaintiffs ignored this Court's orders that they file the amended complaint by April 25 and then August 1, 2025. Dkts. 26, 35. Both deadlines passed without Plaintiffs requesting an extension. Thus, although Plaintiffs have told the City and this Court that they intend to file an amended complaint since March 6, 2026, Plaintiffs have still failed to do so. Dkt. 21 (March 31, 2025 order granting plaintiffs leave to file an amended complaint). The result is that the City has been unable to conduct discovery (because it does not know what claims Plaintiffs are advancing given the City's adoption of the Urgency Ordinance), to file a motion to dismiss, or otherwise advance this case.

While this factor "always favors dismissal," it strongly favors dismissal in this case. *Pagtalunan v. Gazala*, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

### B.     The Court's Need to Manage Its Docket Favors Dismissal

Courts must be able to manage their dockets without being subject to routine noncompliance of litigants. *Pagtalunan*, 291 F.3d at 642. Litigants who do not follow rules or order take away valuable time that the court could devote to other major and serious civil and criminal cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). A "district court may dismiss an action for failure to comply with any order of the court." *Id.* at 1260. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642.

Plaintiffs have repeatedly failed to comply with this Court's orders and FRCP deadlines. For example, Plaintiffs violated (1) this Court's order dated April 17, 2025 by failing to file an amended complaint by April 25, 2025, Dkt. 26; (2) FRCP 26(a)(2)(C)'s requirement that they serve initial disclosures within 14 days after the parties' Rule 26(f) conference; and (3) this Court's order dated June 20, 2025 by failing to file an amended complaint by August 1, 2025. Dkt. 35.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4938-4188-3230 v2

8

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

Plaintiffs' failure to file the amended complaint by the August 1, 2025 deadline is particularly egregious given Plaintiffs' June 20, 2025 request – which this Court granted – that this matter be referred to a Magistrate Judge for a settlement conference. The Settlement Conference with Magistrate Judge Westmore is scheduled for September 10, 2025. But because Plaintiffs ignored this Court's order to file the amended complaint by August 1, 2025, the City does not know what claims, if any, Plaintiffs intend to advance in this lawsuit. Thus, the City currently has no ability to analyze or assess the strength of Plaintiffs' claims, which substantially undermines the likelihood of a productive settlement conference.

Plaintiffs, despite being represented by a licensed attorney, have violated this Court's orders and the Federal Rules of Civil Procedure since the outset of this case. In doing so, they have usurped this Court's ability to control the progress of this litigation and now seek to force the City into a settlement conference without fair notice of Plaintiffs' claims. This factor weighs heavily in favor of a dismissal with prejudice. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) ("Where a court order is violated, the first and second factors will favor sanctions . . . .").

### C.  The Prejudice to the City Favors Dismissal.

The third factor considers the risk of prejudice to the defendant from the delay. The law presumes prejudice from unreasonable delay. *Anderson*, 542 F.2d at 524. This presumption of prejudice to the opposing party "can be overcome only with an affirmative showing of just cause by the" party who has failed to prosecute the action and/or failed to comply with court orders. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  A plaintiff's failure to offer a reason for the delay may be sufficient to establish prejudice.  E.g., *Pagtalunan*, 291 F.3d at 642-43 (prejudice factor favored dismissal where plaintiff "offered no clear explanations" and where the amendments required little work or expertise); *Yourish*, 191 F.3d at 991-92 ("paltry" procedural excuse did not reasonably explain failure to timely file an amended complaint).

Plaintiffs have had nearly six months to file an amended complaint.  They can offer no credible reason for failing to file and serve an amended complaint during this time, particularly when the City has stipulated to the filing of an amended complaint, and this Court has repeatedly

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4938-4188-3230 v2

9

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

extended the deadline for the amended complaint. This factor has particular weight where, as here, the lawsuit challenges the legality of an ordinance enacted by the duly-elected representatives of the City of Fremont to address a significant health, safety, and environmental issue facing the community and that impacts all members of the community.  The ongoing uncertainty over Plaintiffs' claims, including what claims Plaintiffs may be advancing, undermines the City's ability to enforce its laws, which includes the Ordinance.

### D.      The Public Policy Favoring Disposition on the Merits Does Not Preclude Dismissal.

Under the fourth factor, the Court must consider whether there are less drastic alternatives to an involuntary dismissal.  This factor typically weighs against dismissal.  But where a case is "is stalled or unreasonably delayed by a party's failure to comply with deadlines," this factor "lends little support." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1228; *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (affirming order dismissing case under FRCP 41(b) where plaintiffs failed to move the matter towards resolution).

Plaintiffs initiated this case with urgency.  But instead of dismissing this action or promptly filing an amended complaint after the City adopted the Urgency Ordinance, Plaintiffs have done nothing. Accordingly, this factor supports dismissal.

### E.      The Availability of Less Drastic Alternatives Favors Dismissal

Under the fifth factor, the Court must consider whether there are less drastic alternatives to an involuntary dismissal.  Although "reasonable exploration of possible and meaningful alternatives" is required, the court need not examine every possible alternative. *Anderson*, 542 F.2d at 525.

This factor weighs in favor of dismissal because this Court has already attempted less drastic sanctions than dismissal by repeatedly extending the deadline for Plaintiffs to file an amended complaint. See *Ferdik*, 963 F.2d at 1262 (allowing plaintiffs additional time to amend complaint constituted an attempt at a less drastic sanction than outright dismissal).

### F.      The Factors Favor Dismissal with Prejudice.

On balance, the factors weigh in favor of dismissing Plaintiffs' Complaint with prejudice.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4938-4188-3230 v2

10

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

Plaintiffs' failure to prosecute this case following the City's adoption of the Urgency Ordinance on March 18, 2025 has unreasonably interfered with the public's, the Court's, and the City's interests in the timely and expeditious resolution of this case. Dismissal is therefore appropriate under Rule 41(b). *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored the sanction); *Patnaik v. Hearst Corp.*, 2015 WL 12513579, at *3–6 (C.D. Cal. 2015).

## V.  CONCLUSION

This lawsuit should be dismissed with prejudice pursuant to Rule 41(b) because of Plaintiffs' failure to prosecute this case following the City's adoption of the Urgency Ordinance.

Dated: August 15, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Nicholas J. Muscolino
Kyle Anne Piasecki
Attorneys for Defendant
CITY OF FREMONT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4938-4188-3230 v2                    11                    Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE

# PROOF OF SERVICE

**The California Homeless Union/Statewide Organizing Council v. City of Fremont**
**Case No. 3:25-cv-02225-MMC**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is 1999 Harrison Street, Suite 1650, Oakland, CA 94612-3520.

On August 15, 2025, I served true copies of the following document(s) described as

**DEFENDANT CITY OF FREMONT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO PROSECUTE [FRCP 41(B)]; MEMORANDUM OF POINTS AND AUTHORITIES**

**[PROPOSED] ORDER GRANTING DEFENDANT CITY OF FREMONT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE [FRCP 41(B)]**

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CITY OF FREMONT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE [FRCP 41(B)]**

on the interested parties in this action as follows:

| | |
|---|---|
| Anthony D. Prince<br>General Counsel, California Homeless Union<br>Law Offices of Anthony D. Prince<br>2425 Prince St., Suite 100<br>Berkeley, CA 94705<br>Tel: (510) 301-1472<br>Email:<br>princelawoffices@yahoo.com | *Attorneys for Plaintiffs* |
| Andrea M. Hensen<br>Where Do We Go<br>2726 Martin Luther King Jr. Way<br>Berkeley, CA 94703<br>Tel: (510) 999-9394<br>Email: ahenson@wdwg.org | |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4938-4188-3230 v2                                                                 1                                    Case No. 3:25-cv-02225-MMC
                                                                                                                        CITY OF FREMONT'S MOTION TO DISMISS
                                                                                                                        FOR FAILURE TO PROSECUTE

1  Executed on August 15, 2025, at Oakland, California.

_____
Anne M. Scott

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4938-4188-3230 v2

2

Case No. 3:25-cv-02225-MMC
CITY OF FREMONT'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE