Rafael E. Alvarado Jr. (SBN 247904)
E-mail: ralvarado@fremont.gov
City Attorney
CITY OF FREMONT
3300 Capitol Ave., Bldg. A
Fremont, CA 94538
Tel: 510.284.4030

Nicholas J. Muscolino (SBN 273900)
E-mail: nmuscolino@bwslaw.com
Kyle Anne Piasecki (SBN 311961)
E-mail: kpiasecki@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendant
CITY OF FREMONT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and its members; FREMONT HOMELESS UNION, on behalf of itself and its members; MARIN COUNTY HOMELESS UNION; MISSION PEAK UNITARIAN UNIVERSALIST CONGREGATION; FAITH IN ACTION EAST BAY; PAX CHRISTIE (FREMONT); BRAIDED BRIDGE/HOMEBRIDGE CONNECT; Fremont Homeless community members KENT EATON; CORRINE GRIFFITH; MICHAEL AUSTIN, MAURICE KING, PRODESTA HOFF, LACY FRANKS, and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FREMONT,<br><br>Defendant. | Case No. 3:25-cv-02225-MMC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CITY OF FREMONT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE [FRCP 41(B)]**<br><br>**Hearing**:<br>Date:        September 26, 2025<br>Time:       9:00 AM<br>Courtroom: 7, 19th Floor<br><br>Action Filed: March 4, 2025 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4917-9941-9487 v1

1

Case No. 3:25-cv-02225-MMC
RJN ISO CITY'S MOTION TO DISMISS FOR
FAILURE TO PROSECUTE

**DOCUMENTS SUBJECT TO REQUEST FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant City of Fremont (the "City") requests this Court to take judicial notice of the following documents in connection with the City's Motion, pursuant to Federal Rule of Civil Procedure section 41(b), to dismiss Plaintiffs' complaint for failure to prosecute:

1. Ordinance 05-2025, an Ordinance of the City Council of the City of Fremont Adopting Chapter 8.90 of the Fremont Municipal Code to Adopt a Camping Ordinance ("Ordinance"), a true and correct copy of which is attached hereto as **Exhibit 1**.

2. Ordinance 06-2025, an Urgency Ordinance of the City Council of the City of Fremont Amending Sections 8.90.030 and 8.90.060 of the Fremont Municipal Code Regulating Camping, a true and correct copy of which is attached hereto as **Exhibit 2**.

**SUMMARY OF AUTHORITIES SUPPORTING REQUEST**

The City's request for judicial notice is supported by law.

A court may take judicial notice of facts that are (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). A court must take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(d).

First, a court may consider an extrinsic document if its "authenticity is not contested and the plaintiff's complaint necessarily relies on" it. *Lee*, 250 F.3d at 688; *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporation by reference proper "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). Here, the Complaint refers to and challenges the Ordinance. Dkt. 6 at ¶ 2-4, 11-12. Pursuant to this authority, the Court may take judicial notice of Exhibit 1.

Second, local agency ordinances and resolutions are judicially noticeable. *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 327, n.6 (1987) ("It is proper to take judicial notice of the ordinance"); *Retired Employees Ass'n of Orange County, Inc. v. County of Orange*, 632 F.Supp.2d 983, 985 (C.D. Cal. 2009) (judicial notice taken of county

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4917-9941-9487 v1

2

Case No. 3:25-cv-02225-MMC
RJN ISO CITY'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

1  resolution); *Rocky Mountain Farmers Union v. Goldstene*, 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) (judicial notice taken of statutes).  Exhibits 1 and 2 are both subject to judicial notice under this authority.

## CONCLUSION

For the foregoing reasons, the City requests the Court to take judicial notice of the documents identified above.

Dated:  August 15, 2025                          BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Nicholas J. Muscolino
Kyle Anne Piasecki
Attorneys for Defendant
CITY OF FREMONT

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4917-9941-9487 v1                                        3                          Case No. 3:25-cv-02225-MMC
RJN ISO CITY'S MOTION TO DISMISS FOR
FAILURE TO PROSECUTE

# EXHIBIT 1

# ORDINANCE 05-2025

## AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF FREMONT ADOPTING CHAPTER 8.90 OF FREMONT MUNICIPAL CODE TO ADOPT A CAMPING ORDINANCE

WHEREAS, the City of Fremont ("City") is committed to protecting the life, health, and safety of its residents and all people within the geographical boundaries of the City; and

WHEREAS, some lands within the City are environmentally sensitive, which may be significantly damaged by unregulated human activity and lands not specifically developed for camping purposes could potentially pose significant health and safety hazards to people who make shelter or stay overnight in these areas; and

WHEREAS, the Council is committed to protecting the rights of individuals who cannot obtain shelter and to treating their personal property with respect and consideration; and

WHEREAS, the City currently provides shelter beds for people experiencing homelessness, which offer a place to sleep and supportive services including job programs, housing support, treatment for mental health conditions or substance abuse, and security; and

WHEREAS, the City engages in outreach work to build relationships with people experiencing homelessness, using a person-centered, compassionate approach to provide services tailored to each person's specific needs; and

WHEREAS, the City provides housing stability support, eviction protection, transitional housing, and supportive and permanent housing solutions to assist people with ending their homelessness; and

WHEREAS, the 2024 Point-in-Time Count administered by the County of Alameda Continuum of Care reported 614 people were experiencing unsheltered homelessness within the City; and

WHEREAS, City streets, sidewalks, and parks are intended for safe and sanitary shared use by a diverse community of users including businesses, government, and the general public for gathering, recreating, movement of people, maintenance, and cleaning, and are frequently used by people relying on a variety of mobility devices; and

WHEREAS, this activity has forced residents to walk in the street to pass encampments blocking City sidewalks and puts residents at risk of injury or death from vehicular traffic; and

WHEREAS, the sustained presence of people in the City's open space and waterways within the City has created unsafe, unsanitary, unhealthy, and dangerous conditions including water pollution and frequent uncontained fires that threaten people living or using these areas, first responders, and the general public; and

WHEREAS, Fremont Fire indicates that fire crews respond to several fires each year suspected to have resulted from human activity related to homelessness; and

WHEREAS, people sheltering along riverbeds and flood control channels within the City are at risk of experiencing flooding, vector-related disease and other health issues, and these areas often contain sensitive environments at risk of significant damage by unregulated human activity; and

WHEREAS, the City counted approximately 223 encampments in 2022/2023 and collected over 409 tons of trash; and

WHEREAS, the City is obligated to protect public health and safety and its natural resources by maintaining clean, safe, and accessible City properties for all residents to enjoy, including parks, open space, and the public right of way; and

WHEREAS, to mitigate risks to the health and safety of the general public and potential damage to environmentally sensitive lands, the Council desires to enhance the City's authority to disband encampments regardless of the availability of shelter, due to the health and safety risk to those engaged in that activity, the general public, and the environment; and

WHEREAS, it is the intent of this Ordinance to prohibit camping, sleeping, and maintenance of encampments within the City while encouraging people experiencing homelessness to use available low barrier shelters and access a variety of services available from the City and its partners; and

WHEREAS, when abating any encampment, the City will provide written notice in advance of the cleared location that explains when the encampment will be cleaned up and how an individual can reclaim items stored during the process; and

WHEREAS, the City will store any personal property that may belong to a person, has apparently utility in its current condition and can be safely retrieved from the site, but will not store property that is broken, hazardous, contraband, or listed on the City's current list of common items regularly abandoned during the abatement process.

NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF FREMONT DOES ORDAIN AS FOLLOWS:

SECTION 1.  FMC CHAPTER 8.90 ADDED

Chapter 8.90 Camping on Public Property of Fremont Municipal Code Title 8 Health and Safety, is added to read as follows:

**Sec. 8.90.010    Purpose.**

The purpose of this chapter is to maintain streets, parks and other public and private areas within the city in a clean, sanitary and accessible condition and to adequately protect the health, safety

and public welfare of the community, while recognizing that, subject to reasonable conditions, camping and camp facilities associated with special events can be beneficial to the cultural and educational climate in the city. The use of streets and public areas within the city for camping purposes or for storage of personal property interferes with the rights of the public to use these areas for which they were intended. Such activity can constitute a public health and safety hazard that adversely impacts residential neighborhoods and commercial areas. Camping without the consent of the owner and proper sanitary measures adversely affects private property rights, public health, safety, and welfare of the city. Nothing in this chapter is intended to interfere with otherwise lawful and ordinary uses of public or private property.

### Sec. 8.90.020    Definitions.

Unless the particular provisions or the context otherwise requires, the definitions contained in this section shall govern the construction, meaning, and application of words and phrases used in this chapter.

(a) "Camp" means to place, pitch or occupy camp facilities; to live temporarily in a camp facility or outdoors; or to use camp paraphernalia.

(b) "Camp facilities" include, but are not limited to, tents, huts, vehicles, vehicle camping outfits or temporary shelter.

(c) "Camp paraphernalia" includes, but is not limited to, bedrolls, tarpaulins, cots, beds, sleeping bags, hammocks or cooking facilities and similar equipment.

(d) "City manager" means the city manager or designee.

(e) "Establish" means setting up or moving equipment, supplies or materials on to public or private property to "camp" or operate camp facilities.

(f) "Maintain" means keeping or permitting equipment, supplies or materials to remain on public or private property in order to camp or operate camp facilities.

(g) "Operate" means participating or assisting in establishing or maintaining a camp or camp facility.

(h) "Park" means any park or recreation area used by the public and regulated under Chapter 12.20 of this code.

(i) "Private property" means all private property including, but not limited to, streets, sidewalk, alleys, and improved or unimproved land.

(j) "Public property" means all public property including, but not limited to, streets, sidewalks, alleys, improved or unimproved land and parks.

(k) "Store" means to put aside or accumulate for use when needed, to put for safekeeping, to place or leave in a location.

(l) "Street" means the same as defined in Section 18.25.2730 of this code.

**Sec. 8.90.030    Camping, locations prohibited; protection of waterways.**

(a) Camping. It is unlawful for any person to camp or to maintain an encampment in or upon any public property, including any street, sidewalk, park, open space, waterway, or banks of a waterway, or any private property not designated and equipped for such camping. Additionally, it is unlawful for any person to camp or maintain an encampment in or upon any land designated as a high fire risk area.  This section is not intended to prohibit camping on private residential property by friends or family of the property owner, so long as the owner consents and the overnight camping is limited to not more than three consecutive nights.

(b) Waterways.  It is unlawful for any person to do any of the following:

1. Build or erect a structure of any type along the banks of any waterway, or drive a nail or other object into any tree or other natural area vegetation for the purpose of building an encampment or any other structure, or to affix an object to any tree or other natural vegetation;

2. Move boulders or large rocks, destroy vegetation, paved roads or paths created by the city, or otherwise reconfigure the natural landscape in the parks, waters of or along the banks of a waterway;

3. Drive, park, or bring any vehicle along the banks of a waterway, except in places specifically provided and designated for vehicular use;

4. Dig on the banks of a waterway; or

5. Discharge or store waste, including garbage, refuse, or human or animal waste, along the banks or into the waters of a waterway.

(c) Nothing in this section is intended to prohibit the activities of an owner of private property or other lawful user of private property that are normally associated with and incidental to the lawful and authorized use of private property; and nothing is intended to prohibit the activities of a lawful user if such activities are expressly authorized by the City Manager or by any law, regulation, permit, order or other directive from a regulatory authority.

**Sec. 8.90.040  Storage of personal property on public and private property.**

(a) It is unlawful and a public nuisance for any person to store personal property, including camp paraphernalia, on any public property or any private property without the written consent of the owner, except as otherwise authorized in writing by the city.

(b) Moving personal property to another location upon public property or returning personal property to the same block of public property on a daily basis shall be considered storing and shall not be considered to be removing the personal property from public property. This definition shall not include any personal property that, pursuant to statute, ordinance, permit, regulation or other authorization by the city or state, is stored with permission of the city or state on real property that is owned or controlled by the city.

(c) No person shall store any personal property upon public property in such a manner as to obstruct city operations, including street or sidewalk maintenance or cleaning, or park or landscaping maintenance, repair or irrigation. Without prior notice, the city may temporarily move personal property, whether attended or unattended, which is obstructing city operations upon public property during the time necessary to conduct the city operations.

(d) No person shall store any personal property upon public property in such a manner that it does not allow for passage as required by the Americans with Disabilities Act of 1990 as amended from time to time (ADA). Without prior notice, the city may move and may immediately impound any personal property, whether attended or unattended, stored upon public property in such a manner that it does not allow for passage as required by ADA.

(e) No person shall store any personal property within ten feet of any operational and useable entrance, exit, driveway or loading dock. Without prior notice, the city may move and may immediately impound any personal property, whether attended or unattended, stored upon public property within ten feet of any such area.

(f) No person shall store any personal property upon public property that has clearly posted closure time, after the posted closure time. Without prior notice, the city may move and may immediately impound any personal property, whether attended or unattended, stored upon public property within ten feet of any such area.

**Sec. 8.90.050  Power of the city manager to make rules and regulations.**

The city manager may adopt procedures for the removal and recovery of personal property left upon lands where camping is prohibited. Absent such procedures, personal property left upon lands where camping is prohibited for more than twenty-four hours may be removed by the city and may be recovered by the owner for up to ninety days.

**Sec. 8.90.060     Enforcement.**

(a) Any person violating this chapter shall be subject to the following penalty:

1. Temporary seizure of personal property, as set forth at Section 8.90.040 of this chapter.

2. Prior to the city pursuing the remedy set forth at subsection (a)(1) of this section, the city shall provide the violator, orally or in writing, with information about housing support services. Nothing in this section or this chapter shall require the city to provide housing to such violator.

(b) Notwithstanding subsection (a) of this section:

1. Any person causing, permitting, aiding, abetting or concealing a violation of this chapter shall be guilty of a misdemeanor, and may be prosecuted as a misdemeanor and upon conviction be subject to a fine not to exceed $1,000.00 or imprisonment in the city or county jail for a period of not more than six months, or by both such fine and imprisonment.

2. Any violation of this chapter may be remedied by a civil action brought by the city attorney.

3. Violations of this chapter are hereby declared to be public nuisances subject to abatement by the city by any lawful means, including but not limited to summary abatement procedures set forth in Chapter 8.60 of this code.

4. Any violation of this chapter is punishable as set forth in Title 1, General Provisions of this code.

(c) The remedies set forth in this chapter shall be cumulative and in addition to any and all other remedies, civil, equitable, or criminal, afforded to the city under the law.

(d) Nothing provided in this chapter shall create any duty on the city to enforce any specific law or code section or abate any specific condition or circumstance which may exist. The city shall exercise its discretion to enforce this chapter as resources permit.

(e) The timing, methods and priority of specific abatement actions shall be subject to the sole discretion of the city manager.

## SECTION 2.    CEQA

The City Council determines, each on a separate and independent basis, the following sections of Title 14 of the California Code of Regulations apply and no further environmental review is required: (1) the California Environmental Quality Act (CEQA) Guidelines Section 15061(b)(3), in that the ordinance does not have the potential to cause a significant effect on the environment, and is not subject to CEQA review; (2) Furthermore, the project is exempt under CEQA Guidelines 15183, Projects Consistent with a Community Plan or Zoning, as the ordinance is consistent with the land use envisioned for the site as established by the General Plan for which an Environmental Impact Report (SCH#2010082060) was previously prepared and certified, and CEQA Guidelines Sections 15162 and 15163, as none of the circumstances requiring preparation of a subsequent or supplemental EIR have occurred;  (3) CEQA Guidelines Sections 15304 as this ordinance is an action by the City that may result in a minor alteration to land, water, and/or vegetation; and (4) CEQA Guidelines Sections 15307 and 15308 as this ordinance is an action by the City for the protection of birds and other wildlife and the environment in City public lands, parks and waterways.  The Council therefore directs that a Notice of Exemption be filed with the Alameda County Clerk in accordance with the CEQA guidelines.

SECTION 3.  SEVERABILITY

If any section, subsection, sentence, clause or phrase of this Ordinance is for any reason held by a court of competent jurisdiction to be invalid, such a decision shall not affect the validity of the remaining portions of this Ordinance.  The City Council of the City of Fremont hereby declares that it would have passed this Ordinance and each section or subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases be declared invalid.

SECTION 4.  EFFECTIVE DATE

This Ordinance shall take effect and will be enforced thirty (30) days after its adoption.

SECTION 5.  PUBLICATION AND POSTING

The City Attorney has prepared a summary of this ordinance under Government Code Section 36933(c). The City Clerk has caused the summary to be published once in a newspaper of general circulation printed and published in Alameda County and circulated in the City of Fremont for at least five days before the date of adoption.  A certified copy of the full text of the ordinance was posted in the office of the City Clerk, since at least five days before this date of adoption. Within 15 days after adoption of this ordinance, the City Clerk shall cause the summary to be published again with the names of those City Council members voting for and against the ordinance and shall post in the office of the City Clerk a certified copy of the full text of this adopted ordinance with the names of those City Council members voting for and against the ordinance.

* * *

The foregoing ordinance was introduced before the City Council of the City of Fremont at the regular meeting of the City Council, held on the 14th day of December, 2024 and adopted at a regular meeting of the City Council held on the 11th day of February, 2025 by the following vote:

| | |
|---|---|
| AYES: | Mayor Salwan, Councilmembers Keng, Kimberlin, Shao, Zhang and Liu |
| NOES: | Vice Mayor Campbell |
| ABSENT: | None |
| ABSTAIN: | None |

_____
Mayor

ATTEST:                                                APPROVED AS TO FORM:

_____        _____
City Clerk                                                 City Attorney

# EXHIBIT 2

# ORDINANCE 06-2025

## AN URGENCY ORDINANCE OF THE CITY COUNCIL OF THE CITY OF FREMONT AMENDING SECTIONS 8.90.030 AND 8.90.060 OF THE FREMONT MUNICIPAL CODE REGULATING CAMPING

NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF FREMONT DOES ORDAIN AS FOLLOWS:

SECTION 1. FINDINGS OF URGENCY

A. On December 17, 2024, the City Council introduced a camping ordinance ("Camping Ordinance") prohibiting camping and maintenance of encampments within the City while encouraging people experiencing homelessness to use available low barrier shelters and access a variety of services available from the City and its partners; and

B. On February 11, 2025, the City Council adopted the Camping Ordinance and said ordinance became effective on March 13, 2025; and

C. The Camping Ordinance did not, and was not intended to, criminalize persons who donate food, water, or other goods to another person; and

D. On March 4, 2025, the City Council approved a referral to direct staff to bring back an amendment to the Camping Ordinance to revise language that has contributed to misinterpretation of the ordinance's intent and application; and

E. On March 4, 2025, the Fremont City Council affirmed the City's commitment to work in unity with nonprofits, faith-based organizations, other government agencies and the community on care, support and solutions for people who are unhoused, and to generally prioritize the allocation of enforcement resources to the locations that violate the City's encampment condition guidelines; and

F. The City Council now intends to amend the Camping Ordinance to clarify its enforcement provisions, including clarification that the donation of certain goods to another person does not violate its terms; and

G. Without an amendment to the Camping Ordinance, members of the Fremont community and some service providers to unhoused persons may withhold assistance due to an unfounded fear of criminal liability; and

H. The City, pursuant to California Constitution Article XI, Section 7, has the authority to make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws; and

I. The City, pursuant to California Government Code Section 36934 and Section 36937, is authorized to adopt an urgency ordinance for the immediate preservation of the public peace, health, or safety;

J. The Camping Ordinance became effective March 13, 2025 and this urgency amendment is necessary to immediately clarify that the Ordinance does not criminalize persons who donate food, water, or other goods to another person and that they may do so without an unfounded fear of criminal penalty; and

K. This urgency ordinance is necessary for the immediate preservation of the public peace, health or safety, and shall be effective upon adoption by a four-fifths vote of the City Council.

SECTION 2.  FMC SECTION 8.90.030 AMENDED

Fremont Municipal Code Section 8.90.030 is amended to read as follows:

(Strikethroughs indicate deletion and underlines indicate additions)

**Sec. 8.90.030  Camping, locations prohibited; protection of waterways.**

(a) Camping. It is unlawful for any person to camp or to maintain an encampment in or upon any public property, including any street, sidewalk, park, open space, waterway, or banks of a waterway, or any private property not ~~designated~~ licensed and ~~equipped~~ operated for such camping. Additionally, it is unlawful for any person to camp or maintain an encampment in or upon any land designated as a high fire risk area.  ~~This section is not intended to prohibit camping on private residential property by friends or family of the property owner, so long as the owner consents and the overnight camping is limited to not more than three consecutive nights.~~

*[Section (b) is unchanged.]*

(c) Nothing in this section is intended to prohibit:

1. a person from donating food, water, or other goods to another person;

2. camping on private property that is zoned residential and contains a single-family residential dwelling, by family or friends of the property owner, so long as the owner consents;

3. the activities of an owner of private property or other lawful user of private property that are normally associated with and incidental to the lawful and authorized use of private property; or

4. the activities of a lawful user if such activities are expressly authorized by the City Manager or by any law, regulation, permit, order or other directive from a regulatory authority.

SECTION 3.  FMC SECTION 8.90.060 AMENDED

Fremont Municipal Code Section 8.90.060 is amended to read as follows:

(Strikethroughs indicate deletion and underlines indicate additions)

**Sec. 8.90.060     Enforcement.**

  *[Section (a) is unchanged.]*

(b)  Notwithstanding subsection (a) of this section:

- 1. ~~Any person causing, permitting, aiding, abetting or concealing a violation of this chapter shall be guilty of a misdemeanor, and may be prosecuted as a misdemeanor and upon conviction be subject to a fine not to exceed $1,000.00 or imprisonment in the city or county jail for a period of not more than six months, or by both such fine and imprisonment.~~

- ~~2.~~1. Any violation of this chapter may be remedied by a civil action brought by the city attorney.

- ~~3.~~2. Violations of this chapter are hereby declared to be public nuisances subject to abatement by the city by any lawful means, including but not limited to summary abatement procedures set forth in Chapter 8.60 of this code.

- ~~4.~~3. Any violation of this chapter is punishable as set forth in Title 1, General Provisions of this code.

  *[Sections (c) through (e) are unchanged.]*

SECTION 4.     CEQA

The City Council determines, each on a separate and independent basis, the following sections of Title 14 of the California Code of Regulations apply and no further environmental review is required: (1) the California Environmental Quality Act (CEQA) Guidelines Section 15061(b)(3), in that the ordinance does not have the potential to cause a significant effect on the environment, and is not subject to CEQA review; (2) Furthermore, the project is exempt under CEQA Guidelines 15183, Projects Consistent with a Community Plan or Zoning, as the ordinance is consistent with the land use envisioned for the site as established by the General Plan for which an Environmental Impact Report (SCH#2010082060) was previously prepared and certified, and CEQA Guidelines Sections 15162 and 15163, as none of the circumstances requiring preparation of a subsequent or supplemental EIR have occurred;  (3) CEQA Guidelines Sections 15304 as this ordinance is an action by the City that may result in a minor alteration to land, water, and/or vegetation; and (4) CEQA Guidelines Sections 15307 and 15308 as this ordinance is an action by the City for the protection of birds and other wildlife and the environment in City public lands,

parks and waterways. The Council therefore directs that a Notice of Exemption be filed with the Alameda County Clerk in accordance with the CEQA guidelines.

SECTION 5.  SEVERABILITY

If any section, subsection, sentence, clause or phrase of this Ordinance is for any reason held by a court of competent jurisdiction to be invalid, such a decision shall not affect the validity of the remaining portions of this Ordinance. The City Council of the City of Fremont hereby declares that it would have passed this Ordinance and each section or subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases be declared invalid.

SECTION 6.  EFFECTIVE DATE

This Urgency Ordinance shall take effect immediately upon adoption by a four-fifths vote of the City Council.

SECTION 7.  PUBLICATION AND POSTING

This Urgency Ordinance shall be published and posted as may be required by law.

\* \* \*

The foregoing Urgency Ordinance was adopted at a regular meeting of the City Council held on the 18th day of March, 2025, by the following vote:

AYES:       Mayor Salwan, Councilmembers Keng, Kimberlin, Shao, Zhang and Liu

NOES:       Vice Mayor Campbell

ABSENT:     None

ABSTAIN:    None

_____
Mayor

ATTEST:                                  APPROVED AS TO FORM:

_____                  _____
City Clerk                               City Attorney