UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and its members; FREMONT HOMELESS UNION, on behalf of itself and its members; MARIN COUNTY HOMELESS UNION; MISSION PEAK UNITARIAN UNIVERSALIST CONGREGATION; FAITH IN ACTION EAST BAY; PAX CHRISTIE (FREMONT); BRAIDED BRIDGE/HOMEBRIDGE CONNECT; Fremont Homeless community members KENT EATON; CORRINE GRIFFITH; MICHAEL AUSTIN, MAURICE KING, PRODESTA HOFF, LACY FRANKS, and all those similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF FREMONT,<br><br>        Defendant. | Case No. 3:25-cv-02225-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CITY OF FREMONT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE [FRCP 41(B)]**<br><br>Action Filed: March 4, 2025 |

1   Defendant City of Fremont's ("City") Motion to Dismiss for Failure to Prosecute [FRCP 41(b)] came on regularly for hearing on September 26, 2025 at 9:00 AM before the Honorable Maxine M. Chesney.  Nicholas J. Muscolino appeared on behalf of the City.  Anthony D. Prince appeared on behalf of Plaintiffs.

Having read and considered the City's Motion, Plaintiffs' Opposition, and the City's Reply, and all papers submitted by the parties in support thereof and in opposition thereto, and having heard and considered oral argument, and good cause appearing therefore, the Court hereby GRANTS the City's Motion.

The Court finds that Plaintiffs have failed, without excuse or previous request for an extension, to comply with two court-set deadlines for their amended complaint.  Plaintiffs' failure to comply with this Court's order has taken away valuable time that the court could devote to other major and serious civil and criminal cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261.  Plaintiffs aggravated this waste of judicial resources by requesting a Settlement Conference with a Magistrate Judge and then failing to file an amended complaint by the date this Court set to precede settlement conference.  This Court must preserve its ability to manage its docket without being subject to routine noncompliance of litigants. *Pagtalunan v. Gazala*, 291 F.3d 639, 642 (9th Cir. 2002).  As result of Plaintiffs' violation of Court orders, this case is still not at issue over 6 months since it was filed.

The Court finds that the City has been prejudiced by the delay as the ongoing uncertainty over the status of Plaintiffs' challenge to the Ordinance, which was amended after the complaint was filed, has undermined the City's ability to enforce its laws. *Anderson v. Air West, Inc.*, 542 F2d 522, 524 (9th Cir. 1976).  This factor has particular weight where, as here, the lawsuit challenges the legality of an ordinance enacted by the duly-elected representatives of the City of Fremont to address what they have deemed to be a significant health, safety, and environmental issue facing the community.

This Court has granted Plaintiffs leave to file an amended complaint twice, but Plaintiffs have ignored both Court-set deadlines.  Accordingly, the Court finds that no less drastic alternatives to dismissal with prejudice are available.  See *Ferdik*, 963 F.2d at 1262 (allowing

1  plaintiffs additional time to amend complaint constituted an attempt at a less drastic sanction than
2  outright dismissal).
3      This action is hereby dismissed in its entirety with prejudice, defendants to recover
4  reasonable costs as permitted by statute.
5      **IT IS SO ORDERED.**
6  DATED: _____, 2025

                                                  HON. MAXINE M. CHESNEY